**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| James E. Thornberg, | Civ. No. 14-00122 (SRN/JJK) |
| Plaintiff, | |
| v. | |
| 1) State Farm Fire and Casualty Company, Insurer<br>2) Dale Gerdin, Insured, Landlord<br>3) Carol Gerdin, insured, Landlord<br>4) John Doe<br>5) John Doe<br>6) John Doe<br>7) John Doe<br>8) John Doe | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This case is before the Court on Defendant State Farm's ("State Farm") 12(b)(6) Motion to Dismiss Plaintiff's Complaint. (Doc. No. 25.) The Plaintiff claims that he suffered damages as a result of the loss of his personal items left in the care of co-defendants Dale Gerdin and Carol Gerdin ("Gerdins"). Defendant State Farm is the Gerdins' insurer. Specifically, State Farm argues that as a third party claimant, Plaintiff cannot bring a direct cause of action against the insurer under Minnesota law. Additionally, Defendant argues that Plaintiff's cause of action is time-barred.

1

The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and D. Minn. Loc. R. 72.1 and 72.2. For the reasons set forth below, this Court recommends that State Farm's motion to dismiss be **GRANTED**.

## BACKGROUND

Plaintiff, James Thornberg, is an inmate at the Federal Correctional Institution, Lompoc ("FCI-L") in Lompoc California. In his complaint, Plaintiff asserts that on December 1998 he rented an apartment and storage locker from Defendants Dale Gerdin and Carol Gerdin. (Doc. No. 1 ¶ 2). He further asserts that he stored a cornucopia of personal items in the Gerdins' property during this time. (Doc. No. 1 ¶¶ 7, 10). Plaintiff claims his property was unlawfully removed from the premises and argues that his property was under the care custody and control of the Gerdins'. *Id.* at p. 3, 6, 9, 10, 11, 12, 14. Plaintiff has asserted multiple causes of action against the Gerdins' claiming that they either unlawfully removed his personal items from the premises or played a significant role in the theft of his items. (Doc. No. 1).

Plaintiff does not contend that State Farm had any involvement in the unlawful removal of his personal items from the Gerdins' property. (Doc. No. 1). Neither does he allege that he qualified as an insured of State Farm. *Id.* Nevertheless, he submitted a claim to State Farm for the loss of his personal items. *Id.* at p. 6. Plaintiff further alleges that State Farm was negligent in the investigation following his claim. *Id.* at p. 5. In their denial letter to the Plaintiff,

dated September 27, 1999, State Farm explained that their investigation revealed inconsistencies among the Plaintiff's claims. (Doc. No. 1. Ex. B). It stated that contrary to his initial representations, Plaintiff failed to provide evidence showing that the Gerdins were responsible for his loss. *Id.* It noted that State Farm's own investigation did not establish that the Gerdins had any involvement in the alleged loss of Plaintiff's property. *Id.* The letter further explained that Plaintiff's personal statements revealed he had knowledge of the parties responsible for the removal of his belongings and where his belongings were being stored. *Id.* Moreover, State Farm informed Plaintiff that although the Gerdins' policy included liability insurance, in order for a liability payment to be made under that coverage the Gerdins would need to be substantially at fault and legally liable. *Id.* State Farm further advised the Plaintiff that a statute of limitations may affect any claim he would have against the Gerdins. *Id.*

**I. Standard of Review**

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations in the complaint and view them in the light most favorable to the Plaintiff. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488

3

(8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id.* at 555.  This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Id.* at 545. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  *Neitzke v. Williams*, 409 U.S. 319, 326 (1989).   In addition, this court notes that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  However, even a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

## II. Analysis

### A. Third Party Action Against State Farm

As mentioned, Plaintiff does not contend that State Farm had any involvement in the unlawful removal of his personal items from the Gerdins' property, nor that he qualified as an insured. Nevertheless, Plaintiff's addition of State Farm as a party in this action is understood by this Court to mean that Plaintiff is seeking judgment against State Farm for damages regarding his personal items. It is well established that under Minnesota law a third party cannot sue an insurance company directly without first securing a judgment against the insured on the issue of liability. *Camacho v. Todd & Leiser Homes,* 706 N.W. 2d 49, 56 (Minn. 2005); *See also Rinn v. Transit Cas. Co.,* 322 N.W.2d 357, 358 (Minn. 1982) (stating that a third-party claimant "cannot sue an insurer directly for failure to pay a claim, but first must obtain a judgment against insured"). Plaintiff must first obtain judgment against the Gerdins' in order to have a valid cause of action against State Farm. *Miller v. Maret Men's Mut. Ins. Co.,* 322 N.W.2d 266, 268 (Minn. 1962) ("It is established in [Minnesota] that an injured person possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the latter" (citing *Gjovik v. Bemidji Local Bus Lines*, 223 Minn. 522, 27 N.W.2d 273 (1947))). Furthermore, it is appropriate to note that in the September 27, 1999 letter from State Farm to the Plaintiff regarding his claim, State Farm specifically advised the Plaintiff that in order for him to be able to recover under the Gerdins' liability coverage, the

Gerdins would need to be substantially at fault and legally liable. Since the letter was submitted to this Court by the Plaintiff, the Court can infer that the Plaintiff had been advised of this legal requirement. Plaintiff has not stated a claim against State Farm for which relief can be granted and dismissal on this ground is therefore appropriate.

### B. Statute of Limitations

State Farm alternatively argues that this action is barred by the statute of limitations. Minnesota Statutes section 541.05 (2014) provides that "the following actions shall be commenced within six years:

> (1) upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;
>
> (3) for a trespass upon real estate;
>
> (4) for taking, detaining, or injuring personal property, including actions for the specific recovery thereof;
>
> (6) for relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until discovery by the aggrieved party of the facts constituting the fraud…"

"The purpose of a statute of limitations is to prescribe a period within which a right may be enforced and after which a remedy is unavailable for reasons of private justice and public policy." *Entzion v. Illinois Farmers Inc. Co.,* 675 N.W.2d 925, 928 (Minn. Ct. App. 2004) (citing *Bachertz v. Hayes-Lucas Lumber Co.,* 201 Minn. 171, 176, 275 N.W. 694, 697 (1937)). "A statute of limitations discourages fraud and endless litigation." *Id.* "A statute of limitation is based on the

proposition that it is inequitable for a plaintiff to assert a claim after a reasonable lapse of time, during which the defendant believes no claim exists."*Karels v. Am. Family Mut. Ins. Co.*, 371 N.W.2d 617, 619 (Minn. Ct. App. 1985) *aff'd,* 381 N.W.2d 441 (Minn. 1986) (citing *Bachertz v. Hayes-Lucas Lumber Co.,* 201 Minn. 171, 176, 275 N.W. 694, 697 (1937)). "The general rule in Minnesota is that a statute of limitations begins to run from the time an action can be commenced." *Leisure Dynamics, Inc. v. Falstaff Brewing Corp.,* 298 N.W.2d 33, 37 (Minn. 1980) (citing *Butler v. Minneapolis Police Relief Ass'n*, 283 Minn. 70, 74, 166 N.W.2d 705, 707 (1969).

    As mentioned, Plaintiff asserts that the property items which he claims to have been taken disappeared on or around July 1, 1999. He then filed a claim with State Farm on or around September 1999. In the September 27, 1999 letter from State Farm, State Farm specifically advised the Plaintiff what course of action to pursue in order to have a successful claim. Moreover, State Farm clearly stated that a statute of limitations may affect any claim the Plaintiff would make against the Gerdins. In the matter at hand, the statute of limitations began to run no later than the time State Farm informed the Plaintiff of the course of action he needed to take in order to have a successful claim. However, the Plaintiff failed to file a claim in Court until commencing this action on January 14, 2014. Furthermore, in a previous order this Court gave notice to the Plaintiff that he is seeking relief for losses that occurred more than ten years ago and as a

result all claims could be time-barred. Additionally, the Plaintiff offers no evidence that would serve to toll the statute of limitations. Defendant State Farm's motion to dismiss is also appropriately granted on statute of limitations grounds.

## RECOMMENDATION

Based on the above, **IT IS HEREBY RECOMMENDED** that Defendant State Farm's Motion for Rule 12 Dismissal (Doc. No. 25) be **GRANTED** and that State Farm Fire and Casualty Insurance Company be **DISMISSED** from this action with prejudice.

Date: November 19, 2014

<u>*s/Jeffrey J. Keyes*</u>
JEFFREY J. KEYES
Unites States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 3, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.