## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **James E. Thornberg,** | **No. 14-CV-122 (SRN/JJK)** |
| **Plaintiff,** | **ORDER** |
| **v.** | |
| **State Farm Fire and Casualty Company, Dale Gerdin, Carol Gerdin, and John & Jane Does 1-5,** | |
| **Defendants**. | |

_____

James E. Thornberg, Reg. No. 08615-029, Federal Correctional Institution, Lompoc, 3600 Guard Road, Lompoc, California 93436, Pro Se.

Michael J. Tomsche, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, Minnesota 55415, for Defendants Dale and Carol Gerdin.

_____

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Jeffrey J. Keyes, dated April 14, 2015 [Doc. No. 68].  Plaintiff James E.

Thornberg filed timely Objections to the R&R [Doc. No. 74], to which Defendants

responded [Doc. No. 79].   In the R&R, Magistrate Judge Keyes addressed the Motion to

Dismiss, or alternatively, Motion for Summary Judgment, filed by Defendants Dale and

Carol Gerdin [Doc. No. 50] and Plaintiff's Motion to Amend [Doc. No. 62].  Magistrate

Judge Keyes recommended that Defendants' motion be granted, this matter be dismissed

with prejudice, and that Plaintiff's Motion to Amend be denied.  (R&R at 27 [Doc. No.

68].)  Plaintiff has since filed a Motion to Amend/Stay, requesting that this Court either

disregard the R&R or defer ruling on the R&R until formal discovery is completed [Doc.

No. 76].

On According to statute, the Court must conduct a de novo review of any portion of

the Magistrate Judge's opinion to which specific objections are made and "may accept,

reject, or modify, in whole or part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b); D. Minn.

L.R. 72.2(b).  Based on that de novo review and for the reasons set forth below, the Court

adopts the R&R in its entirety.

## I.    BACKGROUND

On The facts underlying these motions are thoroughly set forth in the detailed R&R,

which the Court incorporates by reference. (R&R at 2-10 [Doc. No. 68].)  In brief, in his

Complaint, Plaintiff asserts various claims against his former landlords Dale and Carol

Gerdin, as well as unnamed Doe Defendants, resulting from the alleged taking of certain

items of personal property in late June or early July, 1999.[1]  The property in question was

stored in a storage locker in a Robbinsdale, Minnesota apartment building owned by the

---

    [1]  State Farm Fire and Casualty Company ("State Farm"), the Gerdins' insurer, was
formerly a Defendant in this action.  In December 2014, this Court dismissed State Farm,
finding that Minnesota law prohibited a direct action against the insurer and that
Plaintiff's suit was also barred by a six-year statute of limitations.  (Order of 12/5/14
[Doc. No. 49], adopting R&R of 11/19/14 [Doc. No. 47].)

Gerdins.  Plaintiff asserts claims of fraudulent concealment, trespass, conversion of

personal property, unjust enrichment, breach of contract, interference with property

rights, theft, wrongful eviction of personal property, and aiding and abetting the

conversion of personal property. (Compl. Counts 1-9 [Doc. No. 1].)

After they were served with the Complaint, the Gerdins filed an Answer, denying

the allegations in the Complaint.  (Answer [Doc. No. 30].)  Defendants subsequently filed

the underlying motion, arguing that all of Plaintiff's claims were time-barred.

Magistrate Judge Keyes found it appropriate to convert the Motion to Dismiss into

a Motion for Summary Judgment, given the submission of material outside the record,

and in light of the full response submitted in opposition by Plaintiff.  (R&R at 10-13

[Doc. No. 68].)   Magistrate Judge Keyes considered each of Plaintiff's claims, finding

that none of them survived the six-year Minnesota statute of limitations, Minn. Stat. §

541.05.  (Id. at 13-23.)  Also, the magistrate judge concluded that Plaintiff's request to

amend the Complaint to add a conspiracy claim and to add defendants was futile in light

of the statute of limitations.  (Id. at 25.)   As to adding new parties, the magistrate judge

further found that because Plaintiff knew of the parties that he sought to add prior to the

initiation of this lawsuit, any attempt to amend now was also dilatory.  (Id.)  Accordingly,

Magistrate Judge Keyes recommended the dismissal with prejudice of Plaintiff's claims

and the denial of Plaintiff's Motion to Amend.  (Id. at 27.)

In his Objections, Plaintiff contends that the statute of limitations should be

excused because he sustained memory loss that rendered him unable to determine the

extent of Defendants' involvement in the claims asserted in the Complaint.   (See Pl.'s

Obj. at 5 [Doc. No. 74].)  He provides a list of witnesses who will testify to his memory

loss.  (Id. at 14-15.)  In addition, Plaintiff notes that he is serving a prison sentence in

California, is not a skilled advocate, and that his incarceration has made it difficult to

gather evidence and prosecute his case.  (Id. at 7.)   He also urges the Court to permit

discovery into his underlying claims before ruling on the R&R.  (Pl.'s Mot. to

Amend/Stay [Doc. No. 76].)

In response to Thornberg's Objections, Defendants ask the Court to adopt the

R&R, arguing that previous Court determinations and filings belie Plaintiff's claims of

memory loss and that no additional discovery is necessary in light of Plaintiff's

undisputed previous awareness of his time-barred claims.

## II.   DISCUSSION

### A.   Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) will be treated as a motion for

summary judgment "'when matters outside the pleadings are presented to and not

excluded by the trial Court.'"  Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting

Woods v. Dugan, 660 F.2d 379, 380 (8th Cir.1981)).  "Most courts . . . view 'matters

outside the pleading' as including any written or oral evidence in support of or in

opposition to the pleading that provides some substantiation for and does not merely

recite what is said in the pleadings."  Id. (internal citation and quotation omitted).  Courts

have discretion to decide whether to accept material outside the pleadings that is offered

in conjunction with a Rule 12(b)(6) motion.  Stahl v. United States Dept. of Agric., 327

F.3d 697, 701 (8th Cir. 2003) (internal quotation and citation omitted).

When a court treats a motion to dismiss as a motion for summary judgment, Fed.

R. Civ. P. 12(d) requires that the parties "must be given a reasonable opportunity to

present all the material that is pertinent to the motion."  Parties are deemed to have

received constructive notice that the court will treat a motion to dismiss as one for

summary judgment when the moving party indicates that it is moving for summary

judgment and the parties submit and refer to materials outside the complaint."  Riehm v.

Engelking, 538 F.3d 952, 962, n. 5 (8th Cir.2008); see also Blair v. Willis, 420 F.3d 823,

827 (8th Cir. 2005) (stating that notice to the nonmoving party that the court intends to

convert a Rule 12 motion to a Rule 56 motion - "whether actual or constructive - is

typically required."); Angel v. Williams, 12 F.3d 786, 788 (8th Cir. 1993) (stating that

Rule 12(b) "does not require the court to give affirmative notice to the parties of its intent

to consider matters outside of the complaint" and constructive notice is sufficient when

plaintiff has adequate time to respond.).  Such notice is particularly important where, as

here, the nonmoving party is proceeding pro se.  See Malaney v. Elal Israel Airlines, 331

Fed. App'x 772, 774 (2d Cir. 2009).

Applying these principles to this case, the requisite notice was given.  The Gerdins

entitled their motion for relief as either a motion to dismiss under Rule 12(b)(6) or a

motion for summary judgment under Rule 56(a).  (Def.'s Mot. [Doc. No. 50].)   Their

accompanying brief discussed both standards (Def.'s Mem. Supp. Mot. at 5-7 [Doc. No.

51]), and they submitted a declaration and supporting exhibits – materials outside the

pleadings – with their legal memorandum.  (See Tomsche Aff. & Exs. [Doc. No. 52].)

While some of Defendants' supporting exhibits included copies of the pleadings, they

also included a 1999 Hennepin County Conciliation Court Notice of Judgment filed in a

previous lawsuit brought by Plaintiff against Dale Gerdin (Ex. C to Tomsche Aff. [Doc.

No. 52-1 at 51], and a 1999 Fire and Casualty Theft Claim Report signed by Plaintiff (Ex.

D to Tomsche Aff. [Doc. No. 52-1 at 52].)   Although he is appearing pro se, Plaintiff

clearly understands that Defendants seek either dismissal or summary judgment.  In

opposition to Defendants' motion, Plaintiff submitted a legal brief, noting in the caption

that it was in opposition to the Motion to Dismiss or Motion for Summary Judgment.

(Pl.'s Opp'n Mem. at 1 [Doc. No. 59].)  In addition to submitting an opposition brief,

Plaintiff also submitted numerous exhibits, including letters, post cards, an investigative

report, and medical reports, among other things.  (See Exs. to Pl.'s Opp'n Mem. [Doc.

No. 60-1; 60-2, 60-3].)   Also, Plaintiff filed a Motion to Amend, in which he submitted

to the Court proposed amendments to the Complaint.  (Pl.'s Mem. Supp. Mot. to Amend

at 2-4 [Doc. No. 63].)  Although the magistrate judge recommended that Plaintiff's

proposed amendments be rejected (R&R at 23-26 [Doc. No. 68]), Plaintiff had the

opportunity to submit arguments in favor of amending the Complaint, which the Court

considered.

　　Based on the foregoing, the Court finds that Plaintiff had both actual and

constructive notice that the Court would treat Defendants' motion as one for summary

judgment.  Moreover, to the extent that Plaintiff might have rectified any deficiencies in

his pleadings, he took the opportunity to submit proposed amendments to the Court, as

noted above.  Accordingly, the Court agrees with Magistrate Judge Keyes that treating

Defendant's motion as a motion for summary judgment is appropriate here and that the

standard of review applicable to summary judgment applies.

    As noted in the R&R, that standard of review requires the Court to view the

evidence and the inferences that may be reasonably drawn from the evidence in the light

most favorable to the nonmoving party.  Enter. Bank v. Magna Bank, 92 F.3d 743, 747

(8th Cir. 1996).  However, "summary judgment procedure is properly regarded not as a

disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a

whole, which are designed to secure the just, speedy, and inexpensive determination of

every action."  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

    The moving party bears the burden of showing that there is no genuine issue of

material fact and that it is entitled to judgment as a matter of law.  Id. at 323; Enter. Bank,

92 F.3d at 747.  A party opposing a properly supported motion for summary judgment

may not rest on mere allegations or denials, but must set forth specific facts in the record

showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 256 (1986).

## B.   Plaintiff's Claims

    Jurisdiction in this case is based on diversity of citizenship.  (Compl. ¶¶ 1-4 [Doc.

No. 1].)  As noted in the R&R, a federal court exercising diversity jurisdiction applies

state law to claims arising under state law.  DeVries v. Sig Ellingson & Co., 100 F. Supp.

781, 784 (D. Minn. 1951) (applying Erie R. Co. v. Thompkins, 304 U.S. 64, 78 (1938)).

The Court first determines the statute of limitations period applicable to each of

Plaintiff's claims.  Under Minn. Stat. § 541.05, a six-year limitation period applies to

actions for trespass and for taking, detaining, or injuring personal property, including

actions for specific recovery.  Minn. Stat. § 541.05, Subd. 1(3) &(4).  On its face, this

statute applies to Plaintiff's claims for trespass and conversion of personal property, as

the magistrate judge found.  (R&R at 17-18 [Doc. No. 68].)

The six-year limitation period of Minn. Stat. § 541.05 also applies to Plaintiff's

unjust enrichment and breach of contract claims, as the statute also applies "upon a

contract or other obligation, express or implied, as to which no other limitation period is

expressly prescribed."  Minn. Stat. § 541.05, Subd. 1(1); see also Block v. Litchy, 428

N.W.2d 850, 854 (Minn. 1988) (applying statute to unjust enrichment claim); Davies v.

Waterstone Capital Mgmt., L.P., 856 N.W.2d 711, 719 (Minn. Ct. App. 2014)

(acknowledging that statute applies to breach of contract claims).

The Court agrees with Magistrate Judge Keyes that Plaintiff's "interference with

property right" claim is properly construed as a claim for tortious interference.  A claim

for tortious interference is also subject to the six-year limitation period of Minn. Stat. §

541.05.  Minn. Stat. § 541.05, Subd. 1(1); Wallin v. Minn. Dep't of Corrections, 598

N.W.2d 393, 401 (Minn. Ct. App. 1999).

As to Thornberg's claim for "wrongful eviction" of personal property under Minn.

Stat. § 504B.365, Subd. 3, the Court agrees with the magistrate judge that this statute –

which concerns the execution of a writ of recovery of premises and orders to vacate – is

inapplicable to the facts alleged.  (R&R at 20 [Doc. No. 68].)  However, as noted in the

R&R, even assuming that Plaintiff had asserted a recognized statutory cause of action, the

six-year limitation period of Minn. Stat. § 541.05, Subd. 1(2) applies to liabilities created

by statute.

Regarding Plaintiff's claim that Defendants aided and abetted the conversion of

personal property, Magistrate Judge Keyes properly noted that aiding and abetting the

conduct of another is not an independently actionable claim.  (R&R at 21-22 [Doc. No.

68]) (citing Leiendecker v. Asian Women United of Minn., 848 N.W.2d 224, 228, n.2

(Minn. 2014)).  The Court agrees with the magistrate judge's analysis that this claim is

based on the underlying tort of conversion, and that, as such, the aiding and abetting

claim is time-barred on the same basis as the underlying tort.  (Id. at 22)   Accordingly,

Plaintiff's aiding and abetting conversion claim is subject to the six-year time bar of

Minn. Stat. § 541.05, Subd. 1(4).

Plaintiff also asserts a claim for civil theft.  Under Minn. Stat. § 604.14, persons

who steal personal property from another are civilly liable to the property owner.  As this

is a statutory cause of action, it is subject to the six-year limitations period found in

Minn. Stat. § 541.05, Subd. 1(2).

As to Plaintiff's claim of "fraudulent concealment," Plaintiff alleges that the

Gerdins fraudulently concealed their involvement in the alleged conversion of Plaintiff's

personal property.  (Compl. ¶¶ 4-8 [Doc. No. 1].)  As the magistrate judge correctly

noted, fraudulent concealment is not an independent cause of action, but is a doctrine that

may toll the applicable statute of limitations.  Hydra-Mac, Inc. v. Onan Corp., 450

N.W.2d 913, 918–19 (Minn. 1990) (discussing application of the doctrine of fraudulent

concealment to a statute of limitations); cf. Kansas City v. Fed. Pac. Elec. Co., 310 F.2d

271, 277 (8th Cir. 1962) ("[F]raudulent concealment of a cause of action . . . constitutes

an implied exception to the statute of limitations").  Magistrate Judge Keyes properly

construed this claim as an argument that the fraudulent actions of the Gerdins tolled the

limitations periods of Plaintiff's claims.  (R&R at 14 [Doc. No. 68].)  Such tolling occurs

only if the concealment hides "the very existence of the facts which establish the cause of

action." Hydra-Mac, Inc., 450 N.W.2d at 918 (citing Wild v. Rarig, 234 N.W.2d 775, 795

(Minn. 1975)).  Merely establishing the intentional concealment of facts is insufficient –

"the claimant must establish that it was actually unaware [of the existence of the facts

giving rise to the claim] before a finding of fraudulent concealment can be sustained." Id.

at 918-19.  As the magistrate judge noted, fraudulent concealment and a plaintiff's due

diligence are normally questions of fact unsuited for resolution on a motion to dismiss or

summary judgment.  (R&R at 14-15 [Doc. No. 68].)  However, where the submissions of

the parties leave no room for reasonable minds to differ, the court may resolve the issue

as a matter of law.  Klehr v. A.O. Smith Corp., 87 F.3d 231, 235 (8th Cir. 1996).

        Finding that all of Plaintiff's claims are subject to the six-year limitations period of

Minn. Stat. § 541.05, the Court also finds that there is no disputed issue of fact that the

alleged actions underlying Plaintiff's claims occurred in 1999. The Court next considers

when Plaintiff became aware of the facts giving rise to his claims, and whether he has

demonstrated his lack of awareness of the existence of such facts.

As the Magistrate Judge noted, it is undisputed that Plaintiff was aware of the

bases for his causes of action in 1999, when he submitted a claim to the Gerdin's insurer,

State Farm, against the Gerdin's insurance policy. (Letter of 9/27/99 from State Farm to

J. Thornberg, Ex. B to Compl. [Doc. No. 1-1].) A September 27, 1999 letter from State

Farm denying liability coverage on behalf of the Gerdins indicates that Plaintiff provided

statements revealing his awareness of the person or persons who removed the property in

question, and that State Farm's own investigation failed to establish that the Gerdins had

any involvement in the property loss. (Id.) The letter also refers to the existence of a

police report regarding the alleged theft, which suggests that Plaintiff filed a report prior

to filing the State Farm claim. (Id.) In addition, the letter advises, "that a Statute of

Limitations may affect any claim you make against our insured's liability coverage."

(Id.)

Moreover, as the magistrate judge noted, Plaintiff's brother, Steven Thornberg,

wrote Plaintiff a letter on July 10, 2002, reproaching Plaintiff for accusing him of

burglary, and informing Plaintiff that he had helped Dale Gerdin remove Plaintiff's items

from the Gerdin's building. (Letter of 7/10/02 from S. Thornberg to J. Thornberg, Ex. B

to Mem. [Doc. No. 18 at 5].) Even assuming that the Gerdins fraudulently concealed

their involvement in the alleged actions, by 2002, Steven Thornberg's letter would have

alerted Plaintiff to the Gerdins' role in these events.  The six-year limitations period on

his claims has since expired.

Similarly, if the Court construed the allegation in Count 1 concerning fraudulent

concealment as a claim for fraud, the claim would likewise fail, as it would be subject to

the six-year limitations period for fraud claims under Minn. Stat. § 541.05, Subd. 1(6).

The limitations period for fraud claims begins to run when the facts constituting the fraud

are deemed to have been discovered, or, by reasonable diligence, should have been

discovered.  Toombs. v. Daniels, 361 N.W.2d 801, 809 (Minn. 1985).  This standard is an

objective one; a plaintiff's subjective claim is not relevant.  Archdiocese of St. Paul, 817

N.W.2d at 172-73.  For all of the reasons noted above, even assuming that Plaintiff could

not have discovered the Gerdins' role or the roles of the Doe Defendants until as late as

2002, the statute of limitations has since expired.

In his Objections, Plaintiff alleges that the statute of limitations should be tolled

because "when in the midst of a concealment[-]motivated violent assault by the Gerdin

klan [sic], Plaintiff, collapses, died and was revived but he lost his memory: loss was

directly due to behavior of Defendants."  (Pl.'s Obj. at 4-5 [Doc. No. 74].)  Thornberg

contends that his memory was not "restored" until 2013, and describes the time from

1999-2013 as a period of "fugue," "as though the Plaintiff were comatose as his memory

was essentially dead."  (Id. at 6.)   Plaintiff cites no authority under Minnesota law for

tolling the statute of limitations on this basis.   Although the Minnesota Supreme Court

has not expressly addressed this question, in Doe v. Archdiocese of St. Paul, 817 N.W.2d

150, 170-71 (Minn. 2012), the Court upheld the trial court's exclusion on unreliability grounds expert evidence of memory loss that was offered to defeat a six-year limitations period.

In any event, the facts here fail to support memory loss or a comatose condition as a plausible excuse to toll the limitations period, even if the Minnesota Supreme Court recognized such an exception.  Plaintiff, who is a federal inmate, pleaded guilty to wire fraud and money laundering and was sentenced in 2002 to a 96-month term of imprisonment.  United States v. Thornberg, 326 F.3d 1023, 1024-25 (8th Cir. 2003). As Defendants note, "[p]lea agreements cannot be entered into by persons with a 'dead' memory or in a 'comatose like' condition," as the Federal Rules require the court to determine that a party entering a plea does so knowingly and voluntarily.  (Defs.' Reply to Pl.'s Obj. at 2-3) (citing Fed. R. Crim. P. 11).

In 2003, while serving his sentence at the federal prison camp in Duluth, Minnesota, Plaintiff escaped.  United States v. Thornberg, 676 F.3d 703, 705 (8th Cir. 2012).  He was not apprehended and charged until six years later, in March 2010.  Id. During that six-year period, Defendant "made his way to California, assumed a new identity, married, and spent some time traveling abroad."  Id.  When he was apprehended in California in 2010, he had been working at a carpet cleaning business.  Id.  Thornberg asserted an insanity defense to the criminal charges for escape from custody.  Id.  He underwent a psychiatric evaluation to assess his competency which concluded that he did not suffer from a severe mental disease or defect that rendered him unable to appreciate

the nature and quality or wrongfulness of his acts.  Id.  The jury rejected Thornberg's

insanity defense and his conviction was affirmed by the Eighth Circuit Court of Appeals.

Id. at 706-07.  While the standards for mental competency to stand trial and the

knowledge and competency required to enter a guilty plea are not identical to issues

concerning memory, Plaintiff's actions at those proceedings nonetheless stand in stark

contrast to his claims of a comatose state or lapsed memory.  Moreover, as noted in the

R&R, Thornberg made no effort to assert the claims alleged in this lawsuit during the six-

year period that he evaded the authorities.  Nothing about his status during that time

suggests an inability to do so.

### C.    Amendment of Complaint and Request to Defer Ruling on R&R

The Court agrees with the magistrate judge's conclusions regarding denial of leave

to amend the Complaint.  As the magistrate judge noted, failure to amend the Complaint

earlier to include Steven Thornberg is particularly dilatory, given Steven Thornberg's

2002 letter explaining that he removed Plaintiff's items.  (R&R at 24-26 [Doc. No. 68].)

As the magistrate judge also observed, where there is evidence that a plaintiff knew of the

parties whom he seeks to add prior to the beginning of the suit, a court may properly deny

the motion to amend as unduly dilatory.  (R&R at 24 [Doc. No. 68]) (citing Bailey v.

Bayer CropScience L.P., 563 F.3d 302, 309 (8th Cir. 2009)).  As the State Farm letter

states, Plaintiff was aware in 1999 of the persons who he contends took his belongings;

his filings in this action repeatedly accuse his brother of such actions.  There is no new

evidence that warrants amendment.

Plaintiff's request to amend the Complaint to add a conspiracy claim likewise fails, as the magistrate judge concluded.  In civil conspiracy actions, conspiracy is based on an underlying tort.  Harding v. Ohio Cas. Ins. Co., 41 N.W.2d 818, 824 (Minn. 1950).  When the tort underlying the claim of conspiracy is legally insufficient, the conspiracy count fails.  D.A.B. v. Brown, 570 N.W.2d 168, 172 (Minn. Ct. App. 1997) (citing Harding, 41 N.W.2d at 824).  Having determined that all of Plaintiff's claims are legally insufficient based on the expiration of the statute of limitations, there is no basis for permitting amendment of the Complaint to add a claim of conspiracy.  Because amendment would be futile, based on the statute of limitations, and because Plaintiff has been dilatory, unduly delaying the commencement of this action over at least twelve years after his awareness of the proposed defendants' actions his leave to amend is denied.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that leave to amend may be denied given undue delay, bad faith or dilatory motive on the part of the movant).

Nor do the facts suggest that discovery would yield additional evidence to support Plaintiff's claims, given Plaintiff's knowledge concerning the disposition of his property – knowledge that dates back to 1999, or at least 2002 –  and all of the evidence that corroborates his knowledge.  Accordingly, Plaintiff's request that the Court stay its ruling on this R&R, pending the completion of discovery (Pl.'s Mot. to Amend/Stay [Doc. No. 76]), is denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court **ADOPTS** the R&R [Doc. No. 68];

2.      Plaintiff's Objections [Doc. No. 74] are **OVERRULED**;

3.      Defendants' Motion to Dismiss, or alternatively, Motion for Summary Judgment [Doc. No. 50] is **GRANTED**;

4.      Plaintiff's Motion to Amend [Doc. No. 62] is **DENIED**; and

5.      Plaintiff's Motion to Amend/Stay [Doc. No. 76] is **DENIED**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:    June 9, 2015

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge